UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; PRIORITY
RECORDS LLC, a California limited liability
company; WARNER BROS. RECORDS INC.,
a Delaware corporation; UMG
RECORDINGS, INC., a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited
liability company; VIRGIN RECORDS
AMERICA, INC., a California corporation;
and ELEKTRA ENTERTAINMENT GROUP
INC., a Delaware corporation,

Hon.  :  Paul D. Borman
Case  :  2:05-cv-74759-PDB-VMM

  Plaintiffs,

  v.

MICHAEL & GWEN CHILDS,

  Defendant.

_____ /

JONATHAN D. ROWE (P35384)          *in propria persona*
MATTHEW E. KRICHBAUM (P52491)
SOBLE ROWE KRICHBAUM, LLP
Attorneys for Plaintiffs
221 North Main Street, Suite 200
Ann Arbor, Michigan 48104
(734) 996 5600
_____ /

**JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION**

  The Court, having considered the Stipulation to Judgment and Permanent Injunction

executed by the parties,

  IT IS ORDERED AND ADJUDGED THAT:

1.      Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2.      Defendant shall pay to Plaintiffs in settlement of this action the sum of $9,661.80.

3.      Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $338.20.

4.      Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

a)      using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

b)      causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available

2

for distribution to the public, except pursuant to a lawful license or with the

express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third

party that has used the Internet connection and/or computer equipment owned or controlled by

Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or

server owned or controlled by Defendant, and shall destroy all copies of those downloaded

recordings transferred onto any physical medium or device in Defendant's possession, custody,

or control.

5.      Defendant irrevocably and fully waives notice of entry of the Judgment and

Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent

Injunction will expose Defendant to all penalties provided by law, including for contempt of

Court.

6.      Defendant irrevocably and fully waives any and all right to appeal this Judgment

and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or

otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7.      Nothing contained in the Judgment and Permanent Injunction shall limit the right

of Plaintiffs to recover damages for any and all infringements by Defendant of any right under

federal copyright law or state law occurring after the date Defendant executes the Stipulation to

Judgment and Permanent Injunction.

8.      Defendant shall not make any public statements that are inconsistent with any

term of the Stipulation to Judgment and Permanent Injunction.

3

4

9.      The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.


DATED:  _8/28/06_____

                                        By:   s/PAUL D. BORMAN
                                              Hon. Paul D. Borman
                                              United States District Judge